UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11982-RGS

JON DUANE

v.

VERMONT MUTUAL INSURANCE COMPANY

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND COSTS

February 21, 2020

STEARNS, D.J.

This case is about an Odyssean quest for attorneys' fees. Unlike the Homeric epic, the essential facts can be quickly told. The tale begins with a sketchy slip-and-fall accident reported by a tenant in a building owned by plaintiff Jon Duane. A run-of-the-mine tort suit was brought against Duane in Quincy District Court. Duane turned to his homeowner's policy insurer, defendant Vermont Mutual Insurance Company, for a defense, and if need be, indemnification. Vermont Mutual duly engaged a local attorney to represent Duane in the Quincy matter.

For reasons that are not altogether clear, Duane became dissatisfied with the services of the attorney hired by Vermont Mutual. On May 31,

2017, Duane invoked his right to hire counsel of his choosing. He selected Patrick Driscoll, Esq., of the Boston firm Boyle Shaughnessy Law P.C., as replacement counsel. After two months of further litigation, the slip-and-fall case was settled by Driscoll for $27,000, a sum that Vermont Mutual promptly paid. Driscoll then submitted bills for attorneys' fees totaling $49,390.55. Vermont Mutual paid $20,717.99 and questioned the balance of the billings given the short duration of the engagement and the settlement of the case without a trial. Vermont Mutual asked for further documentation of the billings, taking the position that it would pay the balance only if it deemed the billings to be reasonable.

Rather than attempting to resolve the matter with Vermont Mutual, Boyle Shaughnessy repaired to the Superior Court before the ink dried on the final bill, where it filed a complaint against Vermont Mutual alleging breach of contract and unfair settlement practices in violation of Chapter 176D of the General Laws.[1] The case was then removed to this court by Vermont Mutual on diversity of citizenship grounds. What followed were attempts by the court through mediation and unsuccessful persuasion to save a citizen jury from sitting on a protracted case involving nothing more than a dispute

---

[1] This court dismissed the Chapter 176D claim, noting that Chapter 176D does not authorize a private cause of action. See Dkt. #87 at 14-15.

over the $28,672.56 in unpaid attorneys' fees.

On the day first scheduled for trial, Vermont Mutual offered to settle the case for $25,000, an offer that Duane accepted. *See* Dkt #134 at 4. Boyle Shaughnessy, however, balked and overrode the client's decision. As the case trudged on in Jarndycian fashion, Duane (who had personally paid nothing toward the settlement or the attorneys' fees) dropped out of the picture. On December 16, 2019, a jury was empaneled and over five days heard evidence about the reasonableness of Boyle Shaughnessy's billings, including the testimony of a retired Superior Court judge who opined on the reasonableness of Driscoll's hourly rate. The jury ultimately awarded Boyle Shaughnessy $13,372.36, a figure significantly less than the sum sought, and half the amount previously offered by Vermont Mutual in settlement.

Boyle Shaughnessy now asks the court to award it a staggering $167,370 in fees and $8,057.80 in costs as a "prevailing" party. The petition might seem an oddity to any knowledgeable legal observer as, in the absence of a statute or a contractual provision authorizing fee-shifting, state and federal courts in the United States apply the aptly named "American Rule," under which each party to the litigation bears its own fees and costs.[2]

---

[2] The United States Code makes a small exception for the discretionary taxation of a limited number of costs for the benefit of a prevailing party.

*See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247-248 (1975).

Recognizing the force of the American Rule, Boyle Shaughnessy wheels up *Preferred Mut. Ins. Co. v. Gamache*, 426 Mass. 93 (1997), and *Hanover Ins. Co. v. Golden*, 436 Mass. 584 (2002), cases in which the Supreme Judicial Court held that attorneys' fees are recoverable when an insurer fails to provide a defense to its insured. *Gamache* involved an outright refusal by the insurer to provide a defense based on what proved to be a misreading of its own policy. As a result, the insured was forced to fund the defense out of his own pocket. Justice Greaney writing for a unanimous Court concluded that an "exception" from the American Rule was warranted in instances in which an insured under a homeowner's policy successfully litigates an insurer's unjustified refusal to provide a defense. In *Golden*, Justice Spina (over a vigorous dissent by Justices Sosman and Cordy) broadened the holding in *Gamache* by eliminating any requirement that the policyholder show bad faith on the part of the insurer who tries and fails to obtain declaratory relief from the duty to defend.[3]

---

*See* 28 U.S.C. § 1920.

[3] In *Golden*, the insurer brought an unsuccessful declaratory action seeking to terminate its obligation to defend once it had paid the limits of the automobile policy at issue. The insurer, however, provisionally funded the

The flaw in Boyle Shaughnessy's reliance on *Gamache* and *Golden* is plain as a pikestaff: Vermont Mutual, despite some huffing and puffing, never walked away from its obligation to defend Duane, and unlike the insureds in those two cases, Duane was never forced to dig into his own pocket to fund any aspect of the litigation.[4]  Nor as was the case in *Gamache* and *Golden* did Vermont Mutual seek by way of declaratory relief to discharge itself from the duty to defend.[5]  Rather the sole issue litigated at

---

defense while the trial court considered the motion for declaratory relief. Quoting from the Appeals Court decision below, Justice Spina noted that "[I]t should not matter whether (as in *Gamache*) the insurer announces withdrawal from the third-party action and sues for a declaration, or (as in the present case) brings a declaratory action and provisionally maintains defense of the third-party action pending instruction by the declaration." *Id.,* 436 Mass. at 587-588.

[4] Although Duane states in his petition that he "was forced to expend substantial resources in discovery to establish evidence that he did not breach the contract with Vermont," Dkt # 178 at 7, there is no evidence that the statement is true.  According to the record, the only resources expended were those of Boyle Shaughnessy in the pursuit of what the jury found was an unreasonable fee.

[5] In his petition, Duane attempts to shoehorn himself into *Gamache* and *Golden* by asserting that the jury returned a verdict "finding that [Vermont] had a duty to defend Duane in the underlying action . . . ." Dkt # 178 at 1.  This is a misstatement.  The only question put to the jury was: "What sum of money does the jury find to be a fair and reasonable fee for the legal services provided by the law firm of Boyle Shaughnessy for the defense of Vermont Mutual's insured, Jon Duane, in the matter of Lambias versus Duane?"  The existence of a duty to defend also was not contested at trial, Duane's contention to the contrary.  Rather, the court specifically instructed

trial was the reasonableness of the final bill submitted by Boyle Shaughnessy, a bill which Vermont Mutual notes was not submitted in its final form until after this lawsuit was filed. The most that can be said is that after Duane dismissed the lawyer hired by Vermont Mutual, it continued to fund the defense under a reservation of rights, a conventional and perfectly proper practice stipulated in the policy. It is simply not the rule that the duty to defend obligates an insurer to pay any fee requested by successor counsel without the right to question its reasonableness.[6] A ruling to the contrary would have the undesirable and pernicious consequence of forcing insurers to write out of their policies any right of an insured to select an attorney other than the one provided by the insurer.

Finally, there is no persuasive case to be made that Duane is in fact the "prevailing" party in this lawsuit. In defining what it means to be a

---

the jury that, "[u]nder the terms of the policy, Vermont Mutual promised to provide Mr. Duane with a defense against any claim made against him regardless of its merits and prior to any determination of liability," and further, "[l]et me stress that there is no dispute but that Vermont Mutual is contractually obligated to pay a reasonable fee for Boyle Shaughnessy's services." Jury Instr. at 16, 19.

[6] It is worth noting that the jury essentially agreed with Vermont Mutual that Boyle Shaughnessy's billings were excessive. The verdict reduced the sum of additional fees sought by Boyle Shaughnessy at trial by half.

prevailing party, the most instructive analogy is to the Fees Act, 42 U.S.C. § 1988. Under the Fees Act, "reasonable" attorney's fees and costs may be awarded to a prevailing section 1983 plaintiff. A "prevailing" plaintiff for purposes of the Fees Act is one who has obtained a judgment on the merits or a settlement agreement enforced through a court-ordered consent decree. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 601, 604 (2001). A permanent injunction or declaratory judgment, like a damages award, will satisfy the *Buckhannon* prevailing party test. *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (*per curiam*); *LaChance v. Comm'r of Corr. (LaChance II)*, 475 Mass. 757, 765 (2016); *T & D Video, Inc. v. City of Revere*, 450 Mass. 107, 113 (2007). But a half-baked result will not do the trick. *See Sole v. Wyner*, 551 U.S. 74, 86 (2007) (the award of a preliminary injunction does not qualify for an award of attorneys' fees where the merits of the case are ultimately decided against a plaintiff); *Nogeiro v. Comm'r of the Dep't of Transitional Assistance*, 72 Mass. App. Ct. 496, 499 (2008) (although plaintiff's action "catalyzed" a settlement, in the absence of a judicially ordered or sanctioned change in the parties' relationship, no § 1983 attorneys' fees were recoverable).

Seen through the lens of what amounts to success under the Fees Act,

there is no basis for concluding that what Duane achieved here – essentially a rejection by the jury of the reasonableness of the very billings that Vermont Mutual was questioning – could be deemed enough of a victory to merit a prevailing party badge.

ORDER

For the foregoing reasons, the request for an award of attorneys' fees and costs is DENIED.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE